# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: Plaintiff Optronic
Technologies, Inc.'s Subpoena
to David Anderson

---

OPTRONIC TECHNOLOGIES,
INC., d/b/a Orion Telescopes &
Binoculars ®, a California
corporation,

            Plaintiff,

      v.

NINGBO SUNNY ELECTRONIC
CO., LTD., SUNNY OPTICS,
INC., MEADE INSTRUMENTS
CORP., and DOES 1 - 25,

            Defendants.

Case No. 5:16-cv-06370-EJD-VKD
Pending in the Northern District of
California

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45, Optronic Technologies, Inc., ("Orion") respectfully submits this Memorandum of Law in support of its Motion to Compel third-party deponent David Anderson's Compliance with a Subpoena (the "Motion to Compel") issued pursuant to a Court Order granting Orion's motion for sanctions in the above-referenced antitrust action.

## INTRODUCTION

Orion brings this Motion to Compel pursuant to Federal Rule of Civil Procedure 45 to enforce a deposition subpoena that was expressly authorized by an Order granting Orion's motion for discovery sanctions issued by Magistrate Judge Virginia K. DeMarchi in the underlying action. That Order, issued on November 2,

2018, expressly reopened the deposition of the above-referenced third-party deponent, David Anderson,[1] at Defendants' expense, to remedy Defendants' discovery misconduct.  However, the Order also indicated that Orion should not assume it would be given any additional time to conduct Mr. Anderson's deposition and that Orion was not permitted to schedule Mr. Anderson's deposition beyond November 28, 2018, the close of discovery.  Mr. Anderson's counsel initially agreed to re-produce Mr. Anderson on November 28, 2018, the final day of fact discovery, but now, just two weeks before that deadline, he refuses to do so, notwithstanding Magistrate Judge DeMarchi's Order and Orion's subpoena.

Faced with Mr. Anderson's intransigence and the imminent close of discovery, Orion files this Motion to Compel.  In light of Mr. Anderson's intransigence, the issuing court's indication that discovery is highly unlikely to be extended, and the extremely limited time left  (i.e., less than two weeks) in discovery in the underlying action, none of which is the fault of Orion, Orion respectfully requests that the Court forthwith grant its Motion to Compel or, in the event the Court does not have occasion to immediately grant Orion's Motion to Compel, grant Orion's contemporaneously filed *Ex Parte* Application or, in the Alternative, Emergency Motion for Order Pursuant to Federal Rule of Civil Procedure 45(f) (the "*Ex Parte*/Emergency Motion for Order Pursuant to Federal Rule of Civil Procedure 45(f)").

---

[1] Although technically now a third-party by way of settlement, as set forth further below and in Orion's First Amended Complaint, attached to the Declaration of Ronald J. Fisher as Exhibit 1, Mr. Anderson was the President of one of the settling co-conspirators in the underlying antitrust case.

## FACTUAL BACKGROUND

### A.     Mr. Anderson is a Material Witness to an Antitrust Conspiracy

Orion filed this action almost two years ago as the last independent U.S. telescope brand to redress injuries caused by two dominant Chinese telescope manufacturers and their vertically integrated distributors.  Orion's First Amended Complaint ("FAC") alleges that Defendant Ningbo Sunny Electronic Co., Ltd. ("Sunny"), a Chinese telescope manufacturer, acquired American telescope manufacturer and distributor Defendant Meade Instruments Corp. ("Meade") by conspiring with its competitors, including third-party Chinese telescope manufacturer Suzhou Synta Optical Technology Co. Ltd. ("Synta"), U.S. telescope distributor Celestron Acquisition LLC ("Celestron") (a subsidiary of Synta and horizontal competitor of Meade), as well as Synta principal David Shen and Celestron President David Anderson, in violation of U.S. antitrust law.  (Declaration of Ronald J. Fisher ("Fisher Decl."), Ex. 1 (FAC ¶¶ 41-74).)

Sunny conspired with Synta and Celestron—and specifically, Mr. Anderson—to acquire Meade's telescope brand and factory, thereby further consolidating their power over the market, including to jointly set prices and divide the market between them.  Mr. Anderson aided the conspiracy by ordering his company, Celestron, to provide over $10 million in interest-free prepayment loans to Sunny in order to finance its acquisition of Celestron's horizontal competitor Meade, and to keep Meade operational after the acquisition.  (*Id.*, Ex. 2 at -438[2] (Mr. Anderson emailing Sunny's CEO that "[w]e have been able to . . . facilitate Sunny

---

[2] All pincites of this format refer to the last three digits of the applicable Bates Stamp.

and Meade[']s capital requirements. . . . Since July Celestron has made $10 million in anticipated payments to Sunny."); *see id.* at -436 (Sunny CEO acknowledging that the conspiracy's purpose was to "prevent [telescope manufacturer Jinhua Optics Company] to buy Meade").)  Mr. Anderson is therefore a material witness in Orion's antitrust action.

## B.   The Court Grants Orion's Motion for Sanctions to Remedy Defendant's Discovery Misconduct

Although the Court ordered document productions in this action to be complete by May 15, 2018, Defendants produced 50,000 pages of documents less than a week before Orion's June 11, 2018 deposition of Mr. Anderson, and a further 400,000 pages a month after Mr. Anderson's deposition.  (Fisher Decl., Ex. 3 (Orion's Motion for Sanctions).)  Orion moved for sanctions, seeking to reopen the depositions of Mr. Anderson and other individuals deposed before Defendants' untimely productions.  (*Id.*)  The Court granted Orion's motion, and ordered that the depositions occur before the close of fact discovery on November 28, 2018.  (*Id.*, Ex. 4 (Order Granting Motion for Sanctions) ("In no event should these additional depositions be scheduled for a date that would cause the parties to violate remaining deadlines in the Court's modified scheduling order."); *id.*, Ex. 5 (Order Modifying Case Schedule) (requiring deposition practice to be complete by November 28, 2018, and noting that further discovery extensions would be "strongly disfavored").)

## C.   Mr. Anderson Agrees to Be Deposed Before the Close of Fact Discovery, Then Reneges Without Explanation

Orion sent Mr. Anderson's counsel a copy of its deposition subpoena for the reopened deposition on October 31, 2018—before Magistrate Judge DeMarchi

granted Orion's motion for sanctions—and requested that counsel accept service. (Fisher Decl., Ex. 6.)  Orion served Mr. Anderson with the subpoena on November 2, 2018, *i.e.*, the same day Magistrate Judge DeMarchi granted the motion for sanctions.  (*Id.*, Ex. 7.)  Later that day, and notwithstanding the subpoena designating Minnesota as the forum for the deposition, Mr. Anderson's counsel offered to produce Mr. Anderson at Orion's San Francisco office on November 28, 2018.  (*Id.*, Ex. 8.)  On November 7, Orion confirmed that date.  (*Id.*, Ex. 9.)

On November 13, 2018, Mr. Anderson's counsel informed Orion that Mr. Anderson now had a "irremediable conflict" that required movement of his deposition to December 18, 19, or 20.  (*Id.*, Ex. 10.)  Orion explained that it would be prejudiced by not having Mr. Anderson's testimony before the close of fact discovery, and only two weeks before its expert reports are due on January 3, 2019. (*Id.*)

Despite the claim that the alleged conflict was "irremediable," when pressed, Mr. Anderson's counsel did not specify the nature of Mr. Anderson's purported conflict.  Mr. Anderson's counsel instead merely said that "[h]e is tremendously busy," told Orion to "[p]ick a date," and threatened sanctions if Orion sought to enforce its subpoena and the Court's Order.  (*Id.*, Ex. 11.)

On November 14, counsel for Orion asked Mr. Anderson's counsel to advise by 11:00 a.m. on November 15—in light of the pressing schedule and upcoming Thanksgiving holiday—whether Mr. Anderson opposed this Motion to Compel. (*Id.*, Ex. 12.)  Counsel did not provide Mr. Anderson's position by that time.  (*Id.* ¶ 16.)

In light of Mr. Anderson's refusal to submit to deposition on a date that complies with the Court's Order, Orion accordingly filed the instant motion.

## ARGUMENT

This is a straightforward motion to compel. Orion's subpoena was served on Mr. Anderson pursuant to Magistrate Judge DeMarchi's Order expressly reopening Mr. Anderson's deposition. (Fisher Decl., Ex. 4 (Order Granting Motion for Sanctions).) That Order further requires Orion to complete Mr. Anderson's deposition by November 28, 2018.[3] (*Id.*, Ex. 4 ("In no event should these additional depositions be scheduled for a date that would cause the parties to violate remaining deadlines in the Court's modified scheduling order."); *id.*, Ex 5 (Order Modifying Case Schedule) (requiring deposition practice to be complete by November 28, 2018, and noting that further discovery extensions would be "strongly disfavored").) Orion's validly-served subpoena noticed November 28 as the deposition date, (*id.*, Ex. 7), and Mr. Anderson agreed to be deposed on that day, (*id.*, Ex. 8).

Nevertheless, Mr. Anderson is now attempting to withdraw from his agreement without even attempting to explain the nature of his sudden, "irremediable conflict," (*id.*, Ex. 10), thereby presenting Orion with the Hobson's choice of either violating Magistrate Judge DeMarchi's Order to timely complete the deposition, or else forego the deposition entirely. This Court should reject Mr.

---

[3] The Scheduling Order's deposition deadline specifically references the depositions of Peter Moreo and other witnesses. That is an artifact caused by the fact that the Order modifying the case schedule and extending discovery was issued by District Judge Edward J. Davila before Magistrate Judge Virginia K. DeMarchi issued her Order granting Orion's motion for sanctions.

Anderson's transparently-obstructionist tactics and compel him to sit for the deposition within the time specified by the Magistrate Judge DeMarchi and as further mandated in Magistrate Judge DeMarchi's Order. (See Fisher Decl., Ex. 4 at 7 (In no even should these additional depositions be scheduled for a date that would cause the parties to violate remaining deadlines in the Court's modified scheduling order (Dkt. No. 187). To that end, the parties are directed to cooperate in deposition scheduling.").)

## CONCLUSION

For the foregoing reasons, Orion respectfully requests that the Court forthwith enforce the subpoena as modified by Mr. Anderson and Orion's agreement of November 2, 2018, and compel Mr. Anderson to appear for deposition at Orion's counsel's San Francisco offices on November 28, 2018. Alternatively, Orion respectfully requests that the Court forthwith grant its contemporaneously filed *Ex Parte*/Emergency Motion for Order Pursuant to Federal Rule of Civil Procedure 45(f).

Dated: November 15, 2018

WINTHROP & WEINSTINE, P.A.

By  */s/ Alexander M. Hagstrom*

Alexander M. Hagstrom (MN Bar 0397320)
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
T 612.604.6400 | F 612.604.6852
ahagstrom@winthrop.com

*Counsel for Plaintiff OPTRONIC TECHNOLOGIES, INC. d/b/a Orion Telescopes & Binoculars ®*

16445953v1