# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Optronic Technologies, Inc.<br>d/b/a Orion Telescopes & Binoculars<br><br>Plaintiff,<br><br>v.<br><br>Ningbo Sunny Electronics Co., Ltd, et al.<br><br>Defendants. | Case No. 0:18-mc-91-NEB-KMM<br><br>**ORDER** |

Pursuant to Local Rule 5.6, the parties filed a joint motion regarding continued sealing for one document filed under temporary seal in connection with the plaintiff Optronic Technologies, Inc. ("Orion")'s Motion to Compel. (ECF Nos. 1, 7.) The parties disagree regarding this document. Orion believes that docket entry 7 should be unsealed, but the Defendants believe the document should remain sealed. (ECF No. 15.) Having reviewed these documents, the Court concludes that the public interest in the right of access does not outweigh the Defendant's interest in the confidentiality of this document. Accordingly, docket entry 7 should remain sealed.

Orion filed docket entry 7 in support of its Motion to Compel. Contained within the document are quotes from an email that the Defendants designated as "Highly Confidential" pursuant to a protective order in the California action that this Motion arises out of. The Motion to Compel was resolved without court action; therefore, the merits of the motion were not reached in any way. Because the contested document in this motion related to the Motion to Compel, it was not considered by the Court.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597 (1978)). This right of access "is fundamental to ensuring the public's confidence and trust in the judiciary." *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL No. 15-2666 (JNE/FLN), 2018 WL 2135016 at *2 (D. Minn. May 9, 2018). Local Rule 5.6 guides this Court's consideration of a motion to keep judicial documents under seal. Local Rule 5.6 emphasizes the "presumption that the public has a qualified right of access to material filed." *Id.* at *1; L.R.D. Minn. 5.6 Advisory Committee's notes (2017). However, the public's right of access is not absolute. Instead, competing interests—the party's interest in confidentiality and the public's interest in access—must be weighed against each other. *E.g., Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).

Here, the public's interest in access to judicial documents that were not considered by the Court is very weak. "In this circumstance, 'the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.'" *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In contrast, the currently sealed documents contain confidential and competitively sensitive information, which gives great weight to the Defendants' interest in keeping the documents sealed. Therefore, under the current circumstances, the Court concludes that the Defendants' interests in confidentiality outweigh the public's general interest in access to judicial documents.

Based on the Court's review of the entire record in this proceeding, the Court agrees that document 7 should remain under seal. Accordingly, **the Clerk is directed to keep the following document sealed: ECF No. 7.**

Date: December 19, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge